## GIVAN v. CRIPE et al.
### No. 10275.

United States Court of Appeals
Seventh Circuit.

Feb. 9, 1951.

Merlin M. Dunbar, Lucien L. Dunbar, Indianapolis, Ind., for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, S. Walter Shine, Assts. to Atty. Gen., Matthew E. Welsh, U. S. Atty., Indianapolis, Ind.

A. F. Prescott, Homer R. Miller, Sp. Assts. to the Atty. Gen., for appellees.

Before KERNER, FINNEGAN, and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, the receiver of the taxpayer corporation, appeals from the dismissal of his petition "to enjoin and restrain unlawful acts of defendants" who are the Collector of Internal Revenue for the District of Indiana and a bank in which the taxpayer maintained a checking account and a safe deposit box. We shall refer to these defendants as the Collector and the Bank.

The unlawful acts sought to be restrained relate to steps taken by the Collector for the purpose of collecting income and excess profits taxes in the total sum of $156,302. According to the petition, written notice of assessment of the taxes and demand for immediate payment thereof was delivered personally to the taxpayer on February 17, 1950, and, on the same day, notice of levy was served on the Bank, which notice and attempted levy it alleges were in violation of §§ 3690 and 3692 of the Internal Revenue Code, 26 U.S.C.A. §§ 3690, 3692.

On February 18, plaintiff was appointed by the Superior Court of Marion County, Indiana, receiver of the taxpayer to take charge of taxpayer's property and assets including all checking accounts and safe deposit boxes, and to operate the taxpayer for the purpose of filling all orders on hand. And he obtained leave of that court to file the petition or complaint here involved.

In this petition he alleged that the Collector threatened to issue a warrant of distraint against the corporation's checking account and safe deposit box and to sell the contents if the same were surrendered to him; that if the Collector were permitted to pursue his illegal acts this plaintiff would not be able to carry out the orders of the state court which had jurisdiction of the assets and property of the corporation; that the plaintiff could not operate said corporation without the monies on deposit and the property in the box; that his failure to finish work in process and on order would result in such materials and labor theretofore expended thereon becoming worthless; and that the loss would be irreparable. He therefore prayed that the Collector be required to release the money on deposit and the safe deposit box and that the Bank be required to turn them over to him; that the notice of levy be quashed; and that the Collector be "per-

petually enjoined and restrained from in any manner attempting to enforce the collection of the demands * * * and from in any manner so attempting to levy upon the money on deposit and to sell the contents of the safe deposit box * * * and for such other and proper relief to which the plaintiff may be entitled."

The Bank filed answer stating that it had refused to deliver the property to plaintiff in obedience to the notice of levy. The Collector filed motion to dismiss on the ground that the complaint failed to state any grounds upon which any relief could be granted as against him. The court sustained the motion and dismissed the action as to him. The appeal is from that order of dismissal.

The notice of levy is not attached to the petition, and the petition does not state the year or years for which the taxes were assessed. However, plaintiff states in his brief that they were for the years 1942 and 1943, and the Collector calls our attention to the fact that review had been had by the Tax Court which rendered its decision on October 24, 1949. 13 T.C. 636. The principal question there presented was whether the income for the years involved was due in any material part to the development of patents, formulae and manufacturing processes in prior years rather than to an increased wartime demand for the taxpayer's products, and the court determined the issues adversely to the taxpayer. Since there was no petition for review filed in this court, that decision became final ninety days thereafter.

Section 3690 of the Internal Revenue Code grants authority to distrain: "If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector * * * to collect the said taxes * * * by distraint and sale, in the manner provided in this subchapter, of the goods * * * including stocks, securities, bank accounts * * *." And § 3692 provides that in case of neglect or refusal under § 3690, the collector may levy upon the property of the delinquent taxpayer.

It is somewhat difficult to understand upon what theory plaintiff relies for the relief sought. It appears to be two-fold, first that his appointment as receiver of the taxpayer a day after service of the notice and demand—without notice to the Collector, according to that official—removed the assets of the taxpayer to the protective custody of the state court beyond reach of the Collector for the collection of the taxes finally determined by the Tax Court to be due, and second, that the simultaneous service of the notice and demand upon the taxpayer and the notice of levy upon the Bank rendered the procedure for collection wholly void. He asserts that his proceeding is one to quash an illegal levy and seizure and not a suit to restrain the assessment or collection of the tax which is, of course, prohibited by § 3653.

Insofar as plaintiff relies upon his status as receiver, we think that he is in no better position than the taxpayer itself would be—of course he took the assets of the taxpayer subject to all obligations and liens in its own hands and could acquire no greater rights than the taxpayer from which he derived whatever rights he did have.

As to the alleged illegality of the proceeding for failure of the Collector to allow ten days after notice and demand that official asserts that the taxpayer had already had its notice and demand, construing the ninety-day letter which preceded the Tax Court review and redetermination as such notice and demand. Without deciding whether or not that letter satisfied the requirements of § 3690, we are convinced that the Collector's action in serving notice on the Bank, if it was premature, was irregular rather than illegal. Cf. Commonwealth Bank v. United States, 6 Cir., 115 F.2d 327.

As we read the allegations of the petition, it asserts a threat to distrain rather than an actual distraint. The Collector was entitled under the statute to make a seizure any time after ten days after notice, and we see no reason why he should not serve notice of intent to do so at any time, including the date of notice and de-

**228**

mand for collection. The facts here, insofar as the procedure is concerned, appear to be quite similar to those in United States v. O'Dell, 6 Cir., 160 F.2d 304, 307. There it was held that a Collector's notice to a trustee in bankruptcy that there were unpaid taxes due from the bankrupt, and that all money and other property in his hands belonging to the bankrupt was seized and levied upon for payment of the taxes did not constitute a seizure of such property but was only a statement or notice of claim. "Nothing alleged to have been done amounts to a levy, which requires that the property be brought into legal custody through seizure, actual or constructive, levy being 'an absolute appropriation in law of the property levied upon.' * * * Levy is not effected by mere notice. * * * No warrants of distraint were issued here." We think the same is true in our case. So far as the petition shows, there was no seizure, but only a threat of seizure—the petition alleges that the Collector threatens to issue a warrant of distraint. As we interpret the facts, the notice of levy operated to freeze the assets of the taxpayer in the hands of the Bank, and no more. We find nothing in the statute to prohibit such freezing, particularly in view of the fact that the tax liability had become fixed by the final decision of the Tax Court.

We conclude that the plaintiff is not entitled to have the notice of levy quashed. And there is no basis whatever for his prayer that the Collector be enjoined from in any manner attempting to enforce the collection of the demands and attempting to levy upon the assets of the taxpayer in the Bank. The most plaintiff could have had was a ten-day delay in proceedings to distrain, and since that period had elapsed long before the action of the District Court dismissing the petition (on July 21, 1950), there was no error in that action. In reaching this conclusion we have not overlooked the cases cited by plaintiff claimed to be in support of his contention that the court erred in dismissing the petition or complaint. These we have considered, but find they have no bearing on the questions presented in view of the facts here appearing.

Affirmed.