**In re HOLDSWORTH et al.**

No. 279–50.

United States District Court
D. New Jersey.

July 27, 1953.

Feld & Breitner, Newark, N. J., for trustee.

William F. Tompkins, U. S. Atty., Newark, N. J., for Government.

SMITH, District Judge.

This proceeding originated with a petition filed by the trustee in bankruptcy and an order to show cause entered thereon by the referee in bankruptcy. The prayers for relief were poorly drafted, but it sufficiently appears from the petition and the record now before the Court that the petitioner sought: first, an adjudication that certain tax liens in favor of the United States were invalid; second, an injunction against the enforcement of the tax liens by the Collector of Internal Revenue; and third, a turnover order requiring certain debtors of the bankrupts to pay to the trustee the debts allegedly due and payable. The referee, after hearing, denied the relief sought. The proceeding is now before this Court on a petition for review filed by the trustee.

The action of the referee was obviously predicated upon the conclusions: first, that the tax liens in favor of the United States were existent and valid; and second, that a mere notice of "Levy," served upon each of three debtors of the bankrupts, was tantamount to an effective levy upon and distraint of "all sums of money due" from the said debtors of the bankrupts. These

conclusions were based solely on the meager facts contained in a Stipulation of Facts, which was deficient; several essential facts were omitted from the stipulation and were not established by competent evidence. The facts before the referee do not support his conclusions.

The pertinent provisions of the Internal Revenue Code, 26 U.S.C.A. §§ 3670 and 3671, create a statutory lien for taxes in favor of the United States but only upon the fulfillment of the conditions therein prescribed. Section 3670 provides: "If any person liable to pay any tax *neglects* or *refuses* to pay the same *after demand,* the amount * * * shall be a lien in favor of the United States upon all property and rights to property, * * *, belonging to such person." Section 3671 provides: "Unless another date is specifically fixed by law, the *lien shall arise at the time the assessment list was received by the collector* * * *." (Emphasis by the Court.)

These provisions of the Code are unambiguous and must be literally construed. When these provisions are thus construed it is clear that the conditions precedent to the creation of the statutory lien are: first, the receipt by the Collector of Internal Revenue of an assessment list certified by the Commissioner of Internal Revenue in accordance with Sections 61, 3640 and 3641 of the Internal Revenue Code, Title 26 U.S.C.A.; and second, a demand for payment by the Collector of Internal Revenue, and the neglect or refusal of the taxpayer to pay. Cf. Detroit Bank v. United States, 317 U.S. 329, 335, 63 S.Ct. 297, 87 L.Ed. 304; United States v. Reese, 7 Cir., 131 F.2d 466, 467; Citizens State Bank of Barstow, Tex. v. Vidal, 9 Cir., 114 F.2d 380, 384; MacKenzie v. United States, 9 Cir., 109 F.2d 540, 541, 542; Metropolitan Life Ins. Co. v. United States, 6 Cir., 107 F.2d 311, 313; Filipowicz v. Rothensies, D.C., 43 F.Supp. 619, 623. The lien arises only upon the fulfillment of these conditions.

An examination of the record discloses no facts which will support a determination that the conditions prescribed by the Code were met, a determination essential to the conclusion that the tax liens

were existent and valid. This conclusion of the referee was therefore erroneous.

■ We may assume, although the record does not support the assumption, that the action taken by the Collector of Internal Revenue was pursuant to Sections 3690 and 3692 of the Internal Revenue Code, Title 26 U.S.C.A. Section 3690 provides: "If any person liable to pay any taxes *neglects* or *refuses* to pay the same *within ten days after notice and demand,* it shall be lawful for the collector * * * to collect the said taxes, * * *, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including * * * evidences of debt, of the person delinquent as aforesaid." Section 3692 provides: "In case of *neglect* or *refusal* under section 3690, the collector may levy, * * *, upon all property and rights to property, * * *, belonging to such person, or on which the lien provided in section 3670 exists, for the payment of the sum due, * * *." (Emphasis by the Court.) We note that these sections are not in pari materia with sections 3670 and 3671, supra.

■ The right of the Collector of Internal Revenue to proceed under these sections is conditioned upon: first, a notice to the taxpayer of his delinquency and a demand for payment; and second, the neglect or refusal of the taxpayer to pay "within ten days after notice and demand." The record is devoid of facts upon which to predicate a determination that these conditions were met, a determination essential to the conclusion that there was an effective levy and distraint. The conclusion that there was an effective levy and distraint is therefore erroneous.

■ It sufficiently appears from the Stipulation of Facts that a notice of "Levy" was served upon each of the three debtors of the bankrupts, and that thereafter, pursuant to Section 3710(a) of the Code, Title 26 U.S.C.A., a formal "Final Notice and Demand" was served upon each of them. We assume, in the absence of any stipulation to the contrary, that no other or further action was taken. We are of the opinion that in the absence of a warrant of

distraint a mere notice of levy is not tantamount to an effective levy upon and distraint of "all sums of money due" from the said debtors of the bankrupts. United States v. O'Dell, 6 Cir., 160 F.2d 304, 307; Givan v. Cripe, 7 Cir., 187 F.2d 225, 228. An actual or constructive seizure is essential to a valid levy and distraint; where, as here, the subject matter is an account receivable or chose in action, the seizure may be effected by a levy and the service of a warrant of distraint upon the debtor. Ibid. The reported cases would indicate that this was the usual practice followed by the Collector of Internal Revenue.

■ The record discloses that the three debtors of the bankrupts were joined as parties to this proceeding but failed to enter an appearance or otherwise consent to the summary jurisdiction of the Court of Bankruptcy. We agree with the Referee's conclusion that under the circumstances they were not subject to the Court's summary jurisdiction. We would suggest, however, that if the debts are not disputed a multiplicity of actions might be avoided if the debtors would voluntarily enter their appearance in this proceeding. This would permit the determination of all the issues in a single action.

The matter will be remanded to the Referee in Bankruptcy with instructions to grant a rehearing. We direct the attention of the Referee in Bankruptcy to the applicable provisions of the Internal Revenue Code, supra, which are determinative of the validity, scope and effect of both the liens and the distraints. We further direct his attention to the applicable provisions of the Bankruptcy Act, and particularly to Sections 67 and 70 thereof, 11 U.S.C.A. §§ 107 and 110, which are determinative of the relative rights of the trustee and the Collector of Internal Revenue. See Collier on Bankruptcy, Vol. 4, pages 155 to 224, inclusive.

■ We observe that this is another case in which there has been a regrettable waste of judicial time occasioned by the palpable inadequacy of the record made before the Referee in Bankruptcy. We have previously reminded attorneys that the issues which arise in the many collateral

matters incident to the administration of a bankrupt estate should be fully and properly tried. A hearing before the Court of Bankruptcy is summary but it must be full and adequate if the issues raised are to be justly decided on the merits. Where, as here, the issues are submitted on a stipulation of facts, the facts should be fully and adequately stated, and, if not so stated, the stipulation of facts should be supplemented by competent and relevant evidence.