29 N.J. Super. 581 (1954)
103 A.2d 51
FERDINANDO CATTANI AND THERESA CATTANI, HIS WIFE, PLAINTIFFS,
v.
ARTHUR M. KORSAN, SHADRACH JAMES AND FRANKLIN JAMES, PARTNERS, t/a JAMES & SON, JOS. H. HAINES & SONS, INC., UNITED STATES OF AMERICA, HOWARD E. WILLS, LEON L. MEREFIELD, HOUCK ENGINEERING SERVICE CO., CARLTON H. IRICK, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 9, 1954.
*582 Mr. George M. Hillman for plaintiffs.
Mr. Martin L. Haines for defendant Joseph H. Haines & Sons, Inc. (Messrs. Dimon, Haines & Bunting, attorneys).
Mr. Alfred M. Bitting for defendants Shadrach and Franklin James.
Mr. John D. Wooley, Assistant United States Attorney, for United States of America
*583 Mr. Ephraim Tomlinson, 2nd for defendant Howard E. Wills.
Mr. Benjamin F. Friedman for defendant Houck Engineering Service Co.
Mr. Robert E. Dietz for defendant Leon L. Merefield.
HANEMAN, J.S.C.
On or about October 30, 1952 the plaintiffs Ferdinando Cattani and Theresa Cattani, his wife, entered into an agreement with defendant Arthur M. Korsan under the terms of which the latter was to construct a dwelling house on land owned by the plaintiffs, situate at 205 Madison Avenue, Mount Holly, New Jersey, for the price of $13,471. Prior to the commencement of any work or the furnishing of any materials in connection with the construction, plaintiffs duly filed said contract, on November 1, 1952, together with the specifications accompanying same, in the office of the Clerk of the County of Burlington. Said defendant Korsan proceeded with the construction and from time to time received payments. He discontinued further work under said contract prior to the completion thereof, at which time there still remained due to him the sum of $5,653. Thereafter, various sub-contractors, laborers and materialmen filed stop notices, the total of which exceeded the amount remaining in the hands of the plaintiffs. Plaintiffs have deposited the balance allegedly due under the contract in this court and have interpleaded the defendant-claimants. The United States of America intervened as a party defendant, contending that it was entitled to a priority in distribution to the extent of a claim against the defendant Korsan in the amount of $2,117.23 arising from delinquent income taxes.
The United States of America alleges that it is entitled to such priority by virtue of Title 26 of the U.S. Code, sections 3670, 3671 and 3672, which said sections read as follows:
"§ 3670. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, *584 penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
"§ 3671. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.
"§ 3672. Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector 
"Under State or Territorial laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory * * *."
The United States of America, on or about March 8, 1953, made a levy and warrant for distress upon the plaintiff Ferdinando Cattani, levying upon all monies due from him to the defendant Korsan. Commencing in December 1948 the District Director of Internal Revenue of Camden received various assessment lists from the Commissioner of Internal Revenue, setting forth taxes owed to the United States of America. After an alleged demand was made upon said defendant Korsan in each instance, liens were filed in the county clerk's office of Burlington County.
The question now raised by the mechanics lien creditors is whether the United States of America is entitled to any lien, it having failed to prove, consistent with section 3670 of Title 26 of the U.S. Code, that a "demand" was made upon the defendant Korsan. There is no proof before this court that any such demand was ever made. The statute expressly provides that the lien shall arise only after demand.
In U.S. v. Allen, 14 F. 263 (C.C.M.D. Tenn. 1882), and In re Baltimore Pearl Hominy Co., 5 F.2d 553 (C.C.A. 4 1925), it was held that such demand must have been made on the taxpayer even though it was informal in nature, before the lien arose. The mere statement contained in the notice of federal tax lien filed with the County Clerk of Burlington County "which after demand for payment thereof remained unpaid" is not sufficient for the *585 present purposes. It is a mandatory requirement, both under the exact language of the statute and of the adjudication in the two above referred to cases, that such demand must be made. As a condition precedent to establish its lien and priority, it was necessary that the United States of America make proof of such demand. Absent any such proof, the said United States of America has failed in a vital respect.
Consistent with the foregoing, it is therefore here held that the United States of America is not entitled to any priority in the funds here in court.