**SHERMAN B. RUTH, Inc.,**
v.
**O.S.V. THE MARIE and WINIFRED.**
No. 53–69.

United States District Court
D. Massachusetts.
April 4, 1957.

Philip Tartas, Gloucester, Mass., for plaintiff and Cape Ann.

Robert G. Hennemuth, Waltham, Mass., for Raytheon Mfg.

Anthony Julian, U. S. Atty., John M. Harrington, Jr., U. S. Asst. Atty., Boston, Mass., for the United States.

Edward F. Harrington, New Bedford, Mass., for libellant.

FORD, District Judge.

The Marie and Winifred, having been libeled in this proceeding, was sold and the proceeds of the sale amounting to $4,-409.85 are in the registry of the court. These proceeds are claimed both by intervenor United States and intervenor Ernest J. Flood.

Flood's claim is based on assignment to him of various maritime liens against the vessel. On March 22, 1952, he paid to one Chisholm a bill for $1,475.68 for repairs to the vessel and took an assignment of Chisholm's lien against the vessel. On July 15, 1955, he paid to one Greenberg, doing business as Electro-Craft Co., the sum of $2,034.66, being the balance due to Greenberg on account for four vessels. Of this amount he contends that $696.65 was due for rental of batteries and a direction finder installed aboard the Marie and Winifred. On October 30, 1953, at a time when Sherman B. Ruth, Inc. and Cape Ann Machinery Co. were indebted to Flood for various sums advanced to them, and the Marie and Winifred owed each of these corporations for supplies furnished to it, each of these corporations gave Flood an assignment of its accounts receivable and liens against a number of vessels includ-ing the Marie and Winifred. As to these Ruth and Cape Ann claims, Flood further contends that he had advanced money through these corporations to pay for supplies, materials and repairs for the vessel, and was in fact prior to October 30, 1953, the equitable owner of their liens against the vessel.

The first ground asserted by the United States in support of its claim to the proceeds of the sale of the vessel is based on tax liens asserted against the property of John J. Burke, Jr. and William J. Brady, record owners of the Marie and Winifred and of B & B Trawling Co., Inc., alleged to be the equitable owner of the vessel. The issue involved is whether a properly recorded tax lien against a vessel may be defeated by later-arising maritime liens. Since a recent decision of this court, Norlantic Diesel, Inc. v. O. S. V. Abram H., No. 54–12–S Adm., has held that a subsequently arising maritime lien prevails over a prior tax lien, the ruling of Judge Sweeney in that case will be followed here and recovery by the United States on this ground will be denied.

The second ground set forth by the United States is based on tax liens asserted against the libellant Sherman B. Ruth, Inc., on which notice of tax lien was filed with the Registrar of Deeds of Essex County, Massachusetts, on September 11, 1951, and against Cape Ann Machine Co., on which notices were filed in the same County on August 2, 1950, and December 7, 1951.

It is the contention of the United States that such tax liens, if valid, extend to all the property of the taxpayers, Sherman B. Ruth, Inc. and Cape Ann Machine Co., 26 U.S.C.A. § 3670. They thus attach to maritime liens held by these corporations against the Marie and Winifred, since a maritime lien is a present right of property in a vessel. The John G. Stevens, 170 U.S. 113, 117, 18 S.Ct. 544, 42 L.Ed. 969. Moreover, the tax liens attach not only to maritime liens in existence at the time the tax liens arose, but also to all maritime liens arising subsequently while the tax lien is still in

effect. Glass City Bank of Jeanette, Pa. v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56. Hence, it is argued, any right in these liens acquired by Flood either by virtue of the assignments given him by these corporations or by virtue of his advances of funds to them for the benefit of the Marie and Winifred was acquired subject to the overriding claim of the United States based on its tax liens, and in the distribution of the proceeds of the sale of the vessel, it is the United States which is entitled to enforce any liens which originally arose in favor of Sherman B. Ruth, Inc. or Cape Ann Machine Co.

The government's claim presupposes the existence of valid tax liens against the taxpayers in question. 26 U.S.C.A. § 3670 provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Under this section a demand is necessary to create a lien, and in order to establish the validity of the lien there must be some evidence of a demand, at least informal, for the payment of the tax. The mere formal reference in the notice of tax lien to "taxes (including interest and penalties) which after demand for payment thereof remain unpaid" is not a sufficient demand for payment of the tax to provide basis for a tax lien. United States v. Ettelson, 7 Cir., 159 F.2d 193; In re Holdsworth, D.C., 113 F.Supp. 878; In re Baltimore Pearl Hominy Co., 4 Cir., 294 F. 921; Johnson v. Western Union Telegraph Company, 184 Misc. 728, 53 N.Y. S.2d 867; Cattani v. Korsan, 29 N.J. Super. 581, 103 A.2d 51.

In the present case there was no evidence whatever of any demand upon the taxpayer corporations for payment of the taxes. Consequently the United States has failed to establish the existence of any valid tax lien attaching to the maritime liens, at least prior to the time when they were assigned to Flood. Flood is thus the holder of all the valid outstanding maritime liens against the Marie and Winifred and is entitled to receive the full amount of the proceeds of the sale of the vessel.

A decree in favor of intervenor Ernest J. Flood will be entered in accordance herewith.