Edward G. **BOYAJIAN**

v.

**UNITED STATES of America.**

**Civ. A. No. 93–CV–716.**

United States District Court,
E.D. Pennsylvania.

June 23, 1993.

Edward G. Boyajian, pro se.

Carol C. Priest, U.S. Dept. of Justice, Washington, DC, for U.S.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The instant civil action has been brought before this court by motion of the defendant, United States of America, to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In response thereto, the plaintiff has moved for a more definite statement of the defendant's motion or, in the alternative, for summary judgment. For the reasons which follow, Defendant's motion is granted, the plaintiff's motion is denied and his complaint against the government is dismissed.

The relevant facts of this case may be quickly and briefly summarized. On February 10, 1993, Plaintiff commenced this "Suit for Refund" and "for Damages for Unauthorized Collection" pursuant to 26 U.S.C. §§ 7422 and 7433 ostensibly to recover some $28,773.07 which the Internal Revenue Service obtained by levying on certain accounts which plaintiff had with the Olde Discount Corporation and Mellon Bank to satisfy delinquent income taxes, penalties and interest for the tax years of 1985, 1986 and 1987. Specifically, Mr. Boyajian premises his complaint on the government's alleged failure to have first issued a "Warrant of Distraint" in accordance with 26 U.S.C. § 3692 before proceeding with its collection activities. The defendant, in turn, now moves to dismiss on the grounds that inasmuch as there is no such requirement that a warrant of distraint first issue before a levy can be effectuated, the plaintiff has failed to state a claim against it upon which relief can be granted. We agree.

It is well established that a Fed.R.Civ.P. 12(b)(6) motion is an appropriate vehicle for challenging the legal sufficiency of a claim or pleading filed in the district courts. *See: United States v. Marisol, Inc.,* 725 F.Supp. 833 (M.D.Pa.1989). In ruling upon such a motion, the court must accept as true all of the allegations contained in the non-movant's

pleadings construing them and any and all reasonable inferences which may arise therefrom in the light most favorable to that party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990); *Ambrogi v. Gould, Inc.*, 750 F.Supp. 1233, 1241 (M.D.Pa. 1990). In this manner, the court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a) and whether the plaintiff has a right to relief based upon the facts pled. A complaint is thus properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988).

▆▆▆▆ In this case, the statute upon which Mr. Boyajian premises his complaint, 26 U.S.C. § 3692 was, from all appearances, part and parcel of the Internal Revenue Code of 1939. That section has long since been repealed and replaced by what is now 26 U.S.C. § 6331, which empowers the Secretary of the Department of Revenue to collect overdue taxes "by levy upon all property and rights to property ... belonging to [the taxpayer] or on which there is a lien ..." 26 U.S.C. § 6331(a). Under Section 6331(b), the term "levy" ... "includes the power of distraint and seizure by any means ..."[1] but "only after the Secretary has notified [the taxpayer] in writing of his intention to make such levy .... no less than 30 days before the day of the levy." 26 U.S.C. § 6331(d). *See Also: Arford v. U.S.*, 934 F.2d 229, 233 (9th Cir.1991); *Gonsalves v. U.S.*, 782 F.Supp. 164, 171–172 (D.Me.1992). While the courts have repeatedly held that the tax levy procedure in Section 6331 does not violate due

process, it is also clear that strict compliance with the prescribed procedure is necessary to effect a valid levy and seizure. *United States v. National Bank of Commerce*, 472 U.S. 713, 730, 105 S.Ct. 2919, 2929, 86 L.Ed.2d 565 (1985); *United States v. Potemken*, 841 F.2d 97, 101 (4th Cir.1988); *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir.1986). However, unlike the procedure set forth under the 1939 Revenue Code, which required the issuance of a warrant of distraint, levies upon accounts and property under the current (1954) Internal Revenue Code (§ 6331) are *not* rendered ineffective by the failure of a warrant of distraint to accompany the service of the notice of levy upon the property's custodian. *United States v. Manufacturers National Bank*, 198 F.Supp. 157, 159–160 (N.D.N.Y.1961). As a result, this court cannot find that the plaintiff has sufficiently alleged a procedural defect in the notice requirements of Section 6331 to support a valid claim for relief under 26 U.S.C. §§ 7422 and 7433 and 28 U.S.C. § 2410. *See: Hughes v. U.S.*, 953 F.2d 531, 538 (9th Cir.1992). The defendant's motion to dismiss is therefore granted in accordance with the attached order.[2]

### ORDER

AND NOW, this 23rd day of June, 1993, upon consideration of the Defendant's Motion to Dismiss the Plaintiff's Complaint for Failure to State a Claim and Plaintiff's Cross–Motion for a More Definite Statement and/or for Summary Judgment, it is hereby ORDERED that the Defendant's Motion is GRANTED, the Plaintiff's Motion is DENIED and the Plaintiff's Complaint is DIS-

---

1. As a general rule, a federal tax lien is placed on all property and rights to property when a person who is liable to pay any tax does not do so after the Government demands payment. There are two principal tools for the purpose of the collection of unpaid taxes: the lien foreclosure action brought pursuant to I.R.C. sec. 7403 and the administrative levy, which is a provisional remedy that includes the power of distraint and seizure without judicial intervention and permits the government to obtain constructive possession of the taxpayer's property even though it is in the hands of a custodian. *Capuano v. U.S.*, 955 F.2d 1427, 1429 (11th Cir.1992).

2. Inasmuch as there is no provision under the Federal Rules of Civil Procedure for a "motion for a more definite statement of a motion to dismiss" and since the parties have provided no evidence whatsoever to create a record in this case, we can find no basis upon which to consider, much less grant, the plaintiff's motion for a more definite statement and/or motion for summary judgment. That motion is therefore denied. *See Also:* Fed.R.Civ.P. 56(c).

MISSED for the reasons set forth in the foregoing Memorandum.