Michael H. WATTS and Barbara Watts, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, J.J. Jennings, IRS District Director, IRS Revenue Officer L. Walling, and IRS Manager Ms. Cynthia Moody, Defendants.

Civil Action No. 95–5437.

United States District Court, D. New Jersey.

April 19, 1996.

Michael H. Watts and Barbara Watts, Linden, NJ, pro se.

Faith S. Hochberg, United States Attorney, Susan C. Cassell, Assistant United States Attorney, Deputy Chief, Civil Division, Newark, NJ and Lawrence P. Blaskopf, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for Defendants.

## OPINION

ORLOFSKY, District Judge:

Plaintiffs, Michael and Barbara Watts, acting *pro se*, filed this action against the Internal Revenue Service ("IRS") and J.J. Jennings, L. Walling and Cynthia Moody, all IRS employees, in their individual capacities. Plaintiffs seek relief from certain tax liens and tax levies, as well as other specified and unspecified damages.

Count 1 of plaintiffs' complaint seeks an order demanding that the IRS answer plaintiffs' "request for status" and, further, seeks to estop the IRS from contesting an "affidavit" which plaintiffs mailed to the IRS by which "plaintiff canceled and revoked all signatures on any forms which bound the plaintiff to any agreement between he [sic] and the defendant or which may be construed to give the defendant or any other agency or department of the United States Government, authority or jurisdiction over plaintiff." Complaint ¶ 2.

Count 2 of the complaint seeks an answer to plaintiffs' demand for proof of "jurisdiction over plaintiff," also mailed to the IRS. Complaint ¶ 8, In addition, Count 2 challenges the

validity of the IRS's notices of intent to levy, which the plaintiff returned to the IRS with a "counter demand, pursuant to UCC § 3–505." Complaint ¶ 10.

Count 3 recites facts surrounding Mr. Watts' visit to the IRS office in Newark, New Jersey, on June 19, 1995, "to discuss" a "Notice of Federal Tax Lien" which had been recorded in Union County Court, in Elizabeth, New Jersey, in May of 1995. Plaintiffs allege that the federal tax lien is illegal, that the IRS was without authority to place this lien, and that, in so doing, the individual defendants violated laws prohibiting disclosure of tax return information.

Count 4 challenges the legality of tax levies on Michael Watts' wages. Again, plaintiff alleges that the IRS was without authority to levy on his wages.

In their motion to dismiss, defendants contend that this action is, in fact, brought against the United States and as such is barred by sovereign immunity. The individual defendants assert that the actions complained of were taken within the scope of their employment and therefore, they argue, they cannot be personally liable and are protected by the sovereign immunity of the United States. Defendants further contend that, even if the Watts' claims were not barred by the doctrine of sovereign immunity, the Watts's complaint fails to state a claim upon which relief can be granted.

For the reasons set forth in this opinion, insofar as this suit seeks to cancel or release federal tax liens or levies (Counts 2, 3 and 4), this Court is without subject matter jurisdiction to entertain such claims. As to the remaining claims of the complaint, plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, defendants' motion to dismiss the complaint will be granted.

## I. Legal Standards Governing Dismissal Under Rule 12.

■ The United States has moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to Fed.

R.Civ.P. 12(b)(6). On a motion to dismiss, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to a *pro se* pleading than to a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

### A. Lack Of Subject Matter Jurisdiction

■ This Court must, as a threshold matter, conduct an independent analysis to determine whether subject matter jurisdiction exists. Fed.R.Civ.P. 12(h)(3). A district court may also grant a defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) based on the legal insufficiency of a claim. A dismissal pursuant to Rule 12(b)(1) is only proper, however, when the claim " 'clearly appears to be immaterial.' " *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408 (3d Cir.) (quoting *Bell v. Hood*, 327 U.S. 678, 683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). By contrast, a Rule 12(b)(6) dismissal for failure to state a claim is not subject to the same standard. As the Third Circuit has noted, "[t]he threshold to withstand a motion to dismiss under [Rule] 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Id.* at 1409 (quoting *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir.1989)). Nevertheless, on a Rule 12(b)(1) motion, the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. *Id.* Although *pro se* plaintiffs are given considerable latitude in pleading, and *pro se* complaints will not be dismissed for mere technical flaws in the jurisdictional allegations, a *pro se* plaintiff must still carry the burden of establishing that the Court has jurisdiction to consider the claim presented.

### B. Failure to State a Claim

■ The United States also moves to dismiss certain counts of the complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the factual allegations in the complaint, and all inferences taken therefrom, must be read in the

light most favorable to the plaintiff. *Gomez v. Toledo,* 446 U.S. 635, 636, 100 S.Ct. 1920, 1921–22, 64 L.Ed.2d 572 (1980); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255 (3d Cir. 1994); *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). Likewise, all pleadings must be liberally construed so "as to do substantial justice." Fed. R.Civ.P. 8(f). *See also Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). As previously noted, this rule is especially important when parties are acting *pro se.* Nevertheless, a complaint should be dismissed if, accepting as true all of plaintiff's allegations and the reasonable inferences to be drawn therefrom, no relief could be granted under any set of facts consistent with the allegations of the complaint. *Gasoline Sales, Inc. v. Aero Oil Co.,* 39 F.3d 70, 71 (3d Cir.1994); *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). *See also Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02.

## II. United States as the Real Party in Interest

▮ Although plaintiffs' complaint names the IRS and three of its individual employees as defendants, the IRS contends that this action is essentially one brought against the United States. The Internal Revenue Service enjoys sovereign immunity as an agency of the United States unless that immunity has been waived by Congress. *See Jorden v. National Guard Bureau,* 799 F.2d 99, 102 n. 3 (3d Cir.1986), *cert. denied sub nom. Sajer v. Jorden,* 484 U.S. 815, 108 S.Ct. 66, 98 L.Ed.2d 30 (1987). In order for the plaintiffs to proceed against the IRS and the individual defendants in their official capacity, they must demonstrate that the United States has waived its sovereign immunity with respect to the relief sought. *Huntington Towers, Ltd. v. Franklin National Bank,* 559 F.2d 863, 869–70 (2d Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978). The Watts have alleged no such waiver in their complaint, and the defendants claim that no statutory waiver of the defense

of sovereign immunity applies to the facts of this case. In opposition to this argument, the Watts naturally contend that this action is not one against the United States.

The individual defendants, J.J. Jennings, L. Walling and Cynthia Moody, share the immunity of the United States insofar as their actions that gave rise to this complaint were taken within the scope of their employment. The Watts are essentially complaining about actions taken by the individual defendants as agents of the IRS in imposing tax liens and attempting to levy upon plaintiffs' property. As another court has said in a similar situation: "To the extent that Plaintiff disputes the Defendants' authority to impose a federal tax lien and levy under the Internal Revenue laws, this position similarly goes more to actions taken by Defendants in their official capacities as IRS agents than to actions taken outside the scope of Defendants' employment." *Wheeler v. O'Hanlon,* Civ. A. 95–60 ERIE, 1995 WL 809754 at *2 (W.D.Pa. Oct. 31, 1995). Accordingly, this suit is in effect an action against the United States and is barred by the doctrine of sovereign immunity unless a specific waiver of that immunity is applicable. *See Id.* (citing *Bombalski v. United States,* Civil Action No. 91–285, 1991 WL 734363, 1991 U.S. Dist. LEXIS 16854 at *3 (W.D.Pa.1991) (suit alleging that IRS officer acted in an individual capacity "above and beyond statutory authority" in levying upon plaintiff's wages and seizing his vehicle was actually suit against United States where it was "beyond dispute that the conduct of which Plaintiff has complained was performed by [Defendant] acting within the scope of her official duties"), *aff'd,* 972 F.2d 1330 (3d Cir.1992)).[1]

## III. The Complaint

Plaintiffs' complaint contains four (4) counts, each of which will be considered in turn to determine whether this Court has jurisdiction over the claims asserted, and, if so, whether the allegations state a claim for

---

**1.** This Court's independent analysis has led it to the conclusion that J.J. Jennings, L. Walling and Cynthia Moody acted within the scope of their employment in their dealings with the Watts. This conclusion is further supported by the Certi-

fication of Scope, filed February 15, 1996, pursuant to 28 U.S.C. § 2679, substituting the United States as party defendant for the individual defendants herein.

which relief may be granted. Because the plaintiffs are proceeding *pro se,* the Court will, on its own initiative, consider whether an applicable waiver of the United States' sovereign immunity may be found, always bearing in mind that such a waiver must be "unequivocally expressed" by statute. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992).

### A. Count 1

 Count 1 of plaintiffs' complaint alleges that the IRS failed to answer the plaintiffs' "request for status" and seeks to apply against the government the doctrine of "estoppel by acquiescence." Presumably, the plaintiffs seek to prevent the IRS from asserting a deficiency because the IRS did not answer plaintiffs' correspondence in which they challenged the validity of the IRS action.

This cause of action, assuming, *arguendo,* that there is a cause of action for "estoppel by acquiescence," is one against the sovereign. The facts alleged in plaintiffs' complaint do not support any other reading. As such, this is a claim for which the United States has not waived its sovereign immunity, and absent such a waiver, Count 1 must be dismissed for lack of subject matter jurisdiction.

### B. Count 2

 Plaintiffs' second count seeks to force the IRS to answer a demand and a "counter demand" made pursuant to Section 3–505(2) of the Uniform Commercial Code ("UCC"). Article 3 of the UCC governs commercial paper. Section 3–505 enumerates the rights of a party to whom presentment of a negotiable instrument is made.

Plaintiffs allege that their UCC Section 3–505 demand was sent to the IRS attached to copies of notices of "Intent to Levy." Complaint, Count 2 ¶ 10. The IRS's Notice of Intent to Levy is not a negotiable instrument. Even if it were, and even if the UCC, as adopted by the state legislatures, provides

individuals with a cause of action to enforce the rights of a party to whom presentment of negotiable paper is made, it is clear that the United States has not waived its sovereign immunity to such claims. Count 2, therefore, will be dismissed for lack of subject matter jurisdiction.

### C. Count 3

Count 3 of plaintiffs' complaint seeks a release of a federal tax lien filed against plaintiffs' property in Union County, New Jersey. This Count also seeks monetary damages of $1000.00 from two of the IRS employees, defendants, Jennings and Moody, alleging "unauthorized disclosure of return information." Because Count 3 recites facts surrounding the filing of the federal tax lien, the "unauthorized disclosure" claim under 26 U.S.C. § 7431 is presumably made in connection with the imposition of this lien. Nothing else is alleged by plaintiffs that could conceivably amount to a disclosure of return information, authorized or unauthorized. Accordingly, the Court must consider whether the alleged disclosure of return information by an IRS employee, acting in the course of his or her employment by the IRS by causing a tax lien to be filed against a taxpayer's property, states a viable claim for a violation of 26 U.S.C. § 6103.[2]

### 1. Releif from the Tax Lien

This Court may not grant injunctive relief to a taxpayer challenging the validity of a tax lien. Under the Internal Revenue Code, the IRS must release a tax lien when the taxpayer pays the tax liability, or, when the lien becomes legally unenforceable, or, when the taxpayer furnishes bond in an amount sufficient to cover the assessment plus accrued interest. 26 U.S.C. § 6325(a). The Watts do not allege that any of these conditions has been met.

 To the extent plaintiffs maintain that the liens are unenforceable, because they were imposed without proper authority, their argument is meritless. The Watts first ar-

---

**2.** This Section requires that returns and return information be kept confidential. 26 U.S.C. § 6103(a).

gue that the IRS was without authority to place a lien on their property because no Treasury Department Delegation of Authority Order had issued pursuant to 44 U.S.C. §§ 1501, 1505 (concerning publication in the Federal Register). A federal tax lien arises by statute. Section 6321 states that, after demand, the unpaid amount of tax "shall be a lien in favor of the United States." 26 U.S.C. § 6321.

■ The Watts' second argument is that the IRS, through its employees, is unable to act under 26 U.S.C. § 6321, without implementing regulations as set forth in 26 U.S.C. § 7805(a). Section 7805(a) provides, in relevant part, "the Secretary shall prescribe all needful rules and regulations for the enforcement of this title." *Id.* By "needful rules and regulations," Congress did not intend to require the promulgation of unnecessary regulations. Section 6321 has the force of law which Congress gave it, with or without implementing regulations.[3]

■ In their response in opposition to the IRS's motion, plaintiffs cite *California Bankers Assoc. v. Shultz,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974), for the proposition that absent specific implementing regulations, the Internal Revenue Code "would impose no penalties on anyone." *Id.* at 26, 94 S.Ct. at 1500. *California Bankers,* however, did not concern the Internal Revenue Code, but addressed the constitutionality of the Bank Secrecy Act of 1970.[4] The Court, indeed, held that the Bank Secrecy Act was not self-executing. *Id.* This holding has no bearing on Section 6331 of the Inter-

nal Revenue Code, which is self-executing. As the Supreme court observed in another context, "[f]ederal tax liens are wholly creatures of federal statute." *United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960). The alleged lack of implementing regulations, even if true, would not affect the validity of a federal tax lien, or the authority of the IRS to impose it.

■ More importantly, having an adequate remedy at law, the Watts may not invoke the equitable jurisdiction of this Court. Congress has provided taxpayers the means to challenge assessments made by the IRS. Taxpayers may challenge a notice of deficiency via a petition in the United States Tax Court. 26 U.S.C. §§ 6212(a)–(c), 6213(a). Alternatively, a taxpayer may sue in the proper district court or the United States Claims Court for a refund of taxes already paid. 26 U.S.C. § 7422.[5] What taxpayers may not do is seek an injunction preventing the IRS from collecting the tax. With few exceptions, none of which is applicable to the facts and circumstances of this case, the Internal Revenue Code provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Under this clear statutory mandate, the Court must dismiss any action that seeks the release or cancellation of a federal tax lien. *Bob Jones University v. Simon,* 416 U.S. 725, 743, 94 S.Ct. 2038, 2049, 40 L.Ed.2d 496 (1974) (courts must adhere to

---

**3.** Section 6321 imposes a lien when "any person liable to pay any tax neglects or refuses to pay the same after demand." 26 U.S.C. § 6321. Pursuant to Section 6322, the lien arises "at the time the assessment is made." 26 U.S.C. § 6322.

**4.** Pub.L. 91–508, 84 Stat. 1114 (codified as amended in scattered sections of 12 U.S.C. and 31 U.S.C.)

**5.** The Supreme Court has held that these procedures are consonant with due process:

This is not a case in which an aggrieved party has no access at all to judicial review. Were that true, our conclusion might well be different.... [Petitioner] may ... petition the

Tax Court to review the assessment of income taxes. Alternatively, petitioner may pay income taxes, ... exhaust the Service's internal refund procedures, and then bring suit for a refund. These review procedures offer petitioner a full, albeit delayed, opportunity to litigate the legality of the Service's [action] ... [A]lthough the congressional restriction to postenforcement review may place an organization ... in a precarious financial position, the problems presented do not rise to the level of constitutional infirmities, in light of the powerful governmental interests in protecting the administration of the tax system from premature judicial interference.

*Bob Jones University v. Simon,* 416 U.S. 725, 746–47, 94 S.Ct. 2038, 2050–51, 40 L.Ed.2d 496 (1974).

the plain meaning of the Anti–Injunction Act).

### 2. Alleged Unauthorized Disclosures of Return Information

 Even when read in the most generous light, plaintiffs' complaint does not state a claim for unauthorized disclosure of their return information. Section 7431 provides a private cause of action for civil damages against an employee of the United States under the following circumstances:

> If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7431(a)(1). In order to prevail under this Section, the Watts must prove: (1) a violation of § 6103, and, (2) that the violation resulted from knowing or negligent conduct. *Venen v. United States,* 38 F.3d 100, 104 (3d Cir.1994). It is apparent from the allegations of the complaint that the IRS employees, in placing the tax lien, acted within the scope of their employment. Treasury regulations expressly authorize IRS employees to disclose return information, as necessary, in connection with their duties in establishing liens against a delinquent taxpayer's assets. Treas.Reg. § 301.6103(k)(6). *See also Christensen v. United States,* 733 F.Supp. 844 (D.N.J.1990) (IRS employees' actions benefit from a presumption of regularity and plaintiff bears the burden of showing irregularity), *aff'd,* 925 F.2d 416 (3d Cir. 1991). It is clear that even if the Watts proved the facts alleged in their complaint, they would be entitled to no relief because there has been no violation of Section 6103. Accordingly, the Watts' claim based on Section 7431 must be dismissed.

### D. Count 4

 Count 4 of plaintiffs' complaint seeks damages for alleged defamation, presumably by the named individual employees of the IRS. This appears to be a claim factually related to the claim for unautho-rized disclosure of return information. In any event, this Court has no jurisdiction to hear actions based on libel and slander when they are brought against the United States. The Federal Tort Claims Act ("FTCA") provides the exclusive remedy against the United States for all actions sounding in tort. 28 U.S.C. § 2679(b). The FTCA includes a specific waiver of sovereign immunity, however, it preserves sovereign immunity as a defense against certain claims, notably those based on libel and slander. 28 U.S.C. § 2680(h); *Accardi v. United States,* 435 F.2d 1239, 1240 (3d Cir.1970).

Count 4 also states that plaintiff is not an "officer, employee, or elected official of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia," and asserts therefore that his wages may not be attached by "notice of levy." Complaint ¶ 22(c) (quoting 26 U.S.C. § 6331(a)). Although the statute specifies how a levy can be made upon the "salary or wages of any officer, employee, or elected official," it cannot be read to limit that method of levy to federal employees. This result would place the second sentence of this section in contradiction to the first, which begins, "[i]f *any person* liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the levy) by levy upon all property...." 26 U.S.C. § 6331(a) (emphasis added). *See also United States v. National Bank of Commerce,* 472 U.S. 713, 714–15, 105 S.Ct. 2919, 2921–22, 86 L.Ed.2d 565 (1985).

██ In *Sims v. United States,* 359 U.S. 108, 79 S.Ct. 641, 3 L.Ed.2d 667 (1959), the IRS had directed notices of levy to the State of West Virginia in order to collect deficiencies owed by three state employees. *Id.* at 109, 79 S.Ct. at 643–44. When the State Auditor refused to enforce the levies, the IRS sued. *Id.* The Court rejected the auditor's argument that Congress, by providing for levy upon the salary of federal employees in Section 6331, meant to exclude levies on the salaries of state employees. *Id.* at 112, 79 S.Ct. at 644–45. As the Court pointed

out, by providing a method by which to levy against the salaries of federal employees, which would not be permitted in the absence of express congressional authorization, Congress did not intend to exclude from the reach of the statute those persons upon whose salary the service might levy without express authorization. Plaintiffs are in this latter category. There is no merit to their argument that Section 6331 can be interpreted to prohibit the IRS from issuing a "notice of levy" against an individual taxpayer's wages or salary.

Plaintiff, Michael Watts, also claims that the levy on his salary is illegal because there are no implementing regulations pursuant to 26 U.S.C. § 7805(a) which would make Section 6331 applicable to him. This is a mere reprise of the argument made in Count 3. *See, supra* part III.C.1. As noted, the Secretary is empowered by Section 7805 to pass "needful" regulations, Section 6331 is not without the force of law simply because the Secretary does not find that any regulations for its enforcement are needed. *See also Yalkut v. Gemignani,* 873 F.2d 31, 35 (2d Cir.1989) (noting that the Internal Revenue Code provides for collecting assessed taxes by levy pursuant to 26 U.S.C. § 6331 and that the authority to levy had been delegated to defendant IRS agents through 26 C.F.R. § 301.6331–1).[6]

 Plaintiff also makes a demand in Count 4 for judgment pursuant to 26 U.S.C. § 7214, alleging extortion, willful oppression and the making and signing of fraudulent entries, certificates, returns and/or statements. Section 7214 provides for fines up to $10,000.00 and imprisonment up to 5 years for any officer or employee who is guilty of extortion, willful oppression, the making and signing of fraudulent entries, certificates, returns or statements, or any of numerous other offenses. 26 U.S.C. § 7214(a)(1)–(9). However, if an individual taxpayer's suit for damages under this section is available, it may only be brought after the criminal conviction of the revenue officer or agent. *See Brunwasser v. Jacob,* 453 F.Supp. 567, 572–73 (W.D.Pa.1978), *aff'd,* 605 F.2d 1194 (3d Cir.1979). Whether such an action may be brought, however, need not be decided, since plaintiffs' allege no facts which would bring this complaint within the purview of Section 7214.

Because this is an action against the United States, and the United States is immune from suit for defamation, that portion of Count 4 of plaintiffs' complaint which alleges defamation must be dismissed for lack of jurisdiction. Insofar as plaintiffs seek damages under Section 7214(a), Count 4 of their complaint fails to state a claim upon which relief may be granted.

## IV. Conclusion

For the reasons set forth above, the complaint of plaintiffs, Michael H. Watts and Barbara Watts, against the Internal Revenue Service and the individual defendants will be dismissed. The court will enter an appropriate order.

## ORDER

This matter having come before the Court on April 19, 1996, on the Motion defendants, Internal Revenue Service, J.J. Jennings, L. Walling and Cynthia Moody, to Dismiss Plaintiffs' Complaint for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief May be Granted, plaintiffs, Michael H. Watts and Barbara Watts, appearing *pro se,* and Lawrence P. Blaskopf, Esq., of the United States Department of Justice, Tax Division, appearing for defendants, and the Court having considered plaintiffs' complaint, as well as the briefs filed in support of and in opposition to this Motion, for the reasons set forth in this Court's OPINION filed concurrently with this ORDER;

---

**6.** Plaintiffs cite *In re Holdsworth,* 113 F.Supp. 878 (D.N.J.1953), for the proposition that a "notice of levy" is ineffective as a levy. *Holdsworth* was decided under the Internal Revenue Code of 1939. Unlike the procedure set forth under the 1939 I.R.C., which required the issuance of a warrant of distraint, levies on accounts receivable and property under the current Section 6331 are not rendered ineffective by the failure of a warrant of distraint to accompany the service of the notice of levy upon the property's custodian. *Boyajian v. United States,* 825 F.Supp. 714, 716 (E.D.Pa.1993).

It is on this 19th day of April, 1996, OR-DERED that Defendants' motion to dismiss plaintiffs' complaint is GRANTED.