**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 04-3454 |
| | (D.C. No. 03-CV-1132-JTM) |
| DONALD W. DAWES, as Trustee of the Plainsman Property Trust also known as Plainsman Property Company; PHYLLIS C. DAWES, as trustee of the Plainsman Property Trust also known as Plainsman Property Company, | (D. Kan.) |
| Defendants-Appellants, | |
| and | |
| DAVID LARRY SMITH, as Trustee of the Plainsman Property Trust also known as Plainsman Property Company; DEREK DANE DAWES, as trustee of the Plainsman Property Trust also known as Plainsman Property Company, | |
| Defendants. | |

**ORDER AND JUDGMENT** [*]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order

(continued...)

Before **EBEL** , **HARTZ** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellee United States of America brought an action against defendants-appellants Donald W. and Phyllis C. Dawes to reduce to judgment federal tax assessments for 1982-1984, 1986-1988, and 1990; to set aside conveyances of property as fraudulent; to obtain a decision that the Plainsman Property Trust (Trust) held property as the nominee of the Daweses; and to foreclose federal tax liens on nine pieces of property held by the Trust. The district court denied the Daweses' motions to dismiss, granted the United States' unopposed motion for summary judgment, entered judgment against the Daweses, and ordered foreclosure of the federal tax liens.

On appeal, the Daweses assert several legal arguments. Reviewing their legal arguments de novo, *see Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.* , 175 F.3d 848, 856 (10th Cir. 1999), and liberally

---

*(...continued)
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

construing their pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we affirm, because their arguments are frivolous and meritless.

I

The Daweses make several arguments contending that the district court lacked subject matter jurisdiction. For the reasons discussed below, we conclude that these arguments lack merit.

Contrary to the Daweses' frivolous assertions, (1) the United States asserted jurisdiction over this action by properly alleging jurisdiction in its complaint under 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1340 and 1345; (2) the district court did find that it had jurisdiction over this action in its orders denying the Daweses' motions to dismiss; and (3) an Article III judge did decide this case, and the district court did have Article III judicial power.

We reject the Daweses' next argument that 28 U.S.C. § 2201 limits the district court to tax matters arising solely under 26 U.S.C. § 7428. Section 2201 authorizes a district court to issue declaratory relief, but it does not apply to federal taxes, except with respect to § 7428. Section 7428, in turn, is irrelevant to this action, because it concerns declaratory judgment actions relating to the status and classification of tax-exempt organizations.

We also reject the Daweses' contention that 44 U.S.C. § 1505(a) mandated the publication of 26 U.S.C. §§ 6321 and 6322, which they characterize as penalty

statutes, in the Federal Register and that both statutes must have supporting regulations before the district court could assume jurisdiction over this case. [1] Section 1505(a) requires publication in the Federal Register of Presidential proclamations and Executive orders which prescribe a penalty, documents the President determines have general application and legal effect, and documents required to be published by Congress. Sections 6321 and 6322 do not fit into any of these three categories. Thus, publication of §§ 6321 and 6322 in the Federal Register was not required by § 1505(a). Nor were supporting regulations required. *See Watts v. IRS*, 925 F. Supp. 271, 277 & n.3 (D. N.J. 1996).

The Daweses' argument that the Secretary of the Treasury must establish internal revenue districts in each individual state in order for the district court to have subject matter jurisdiction is not supported by any authority. As such, this court will not consider this argument on appeal. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (requiring party to support arguments with authority).

---

[1] According to the Daweses, "[f]ailure to publish in the Federal Register is evidence that the statutes in question are intended for those person[s] subject to the jurisdiction of the United States, a class of persons to which [they] do not belong, and upon whom those penalties may not be imposed." Aplt. Br. at 22. To the extent the Daweses are arguing that they are not subject to the jurisdiction of the United States and, as such, are not liable for paying taxes, that argument is legally frivolous. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting similar legally meritless and patently frivolous arguments).

Finally, we reject the Daweses' argument that the district court lacked subject matter jurisdiction because that court's orders and judgments included only the signature of the judge and did not have the attestation by the clerk and stamp of the seal of the court, which they allege is required by 28 U.S.C. § 1691. Section 1691, however, applies only to writs and process that issue from the district court, not orders and judgments.

II

The Daweses argue that the United States lacked standing and the district court lacked subject matter jurisdiction because (1) "United States of America" and "United States" are not synonymous, and the United States of America is not the proper plaintiff under 28 U.S.C. § 1345; (2) the United States lacked a valid lien at the time the suit was filed under 26 U.S.C. § 7403 and 28 U.S.C. § 1345; (3) the United States was required to bring its civil action under the Federal Debt Collection Procedures Act (Act), 28 U.S.C. § 3001(a); and (4) the Internal Revenue Service (IRS) is not an agency of the United States and the Chief Counsel of the IRS is not a delegate of the Secretary of the Treasury expressly authorized to sue under 26 U.S.C. § 7401.

Their first and fourth arguments are legally frivolous and do not merit further comment. *See generally Lonsdale*, 919 F.2d at 1448 (rejecting fourth and other similar-type arguments).

With respect to their second argument, the record shows that the United States did have valid liens at the time they filed suit, because federal tax liens arose at the time the Daweses failed to pay the taxes assessed against them. *See* 26 U.S.C. §§ 6321, 6322; *Gardner v. United States*, 34 F.3d 985, 987 (10th Cir. 1994). Tax liens are valid until the taxes are paid in full or become uncollectible upon expiration of the statute of limitations. 26 U.S.C. § 6322. As discussed in section III below, the statute of limitations had not expired at the time this suit was commenced.

We also reject the Daweses' argument that the United States must bring a federal debt collection lawsuit pursuant to 28 U.S.C. § 3001(a). Section 3001(a) provides that where another statute specifies procedures for collecting a debt, those procedures apply unless they are inconsistent with the Act. The Act also expressly provides that it does not limit the United States' right to collect taxes under federal law. 28 U.S.C. § 3003(b)(1).

III

The Daweses argue that the statute of limitations barred this action for all tax years. Specifically, they argue that the ten-year limitations period of 26 U.S.C. § 6502(a)(1) barred initiation of an action after 1993 for tax years 1982 and 1983, because this case was filed in 2003. They further argue that taxes for the years 1984 and 1986-1988 were not properly assessed within the three-year

period of limitations of 26 U.S.C. § 6501(a), because the assessments were made in 1992, more then four years after they filed their tax returns. Lastly, they argue the ten-year limitations period barred this action for 1990. We conclude the statute of limitations had not expired for any of the tax years at issue.

The IRS assessed taxes for 1982 and 1983 after the amount of taxes for those years was finally determined in December 1993 by a Tax Court decision. The United States filed this collection action on April 22, 2003, within the ten-year limitations period for collection of taxes as set forth in 26 U.S.C. § 6502(a)(1).

The Daweses filed their tax returns for 1984, 1986-1988, and 1990 on November 22, 1991. The IRS timely assessed taxes for those years on February 17, 1992. *See* 26 U.S.C. § 6501(a) (requiring assessment within three years after tax return was filed). On April 14, 2000, the Daweses requested a Collection Due Process (CDP) hearing. [2]

The statute of limitations for collection is suspended during the time that a CDP proceeding and any appeal therefrom is pending. 26 U.S.C. § 6330(e)(1). In

---

[2] The Daweses deny receiving "notice of levy" or requesting and receiving a CDP hearing. Contrary to their argument, the record shows that the IRS notified them that it had filed notices of tax lien and of their right to request a CDP hearing under 26 U.S.C. § 6320. Also, the record shows that they requested and received a CDP hearing.

addition to this tolling period, the statute of limitations cannot expire before the ninetieth day after the day of a final determination on the hearing. *Id.*

The IRS made its CDP determination on July 13, 2001. The determination became final thirty days later, because the Daweses did not appeal the decision. This thirty days, along with the 455 days from April 14, 2000 to July 13, 2001, tolled the ten-year collection period 485 days beyond February 17, 2002, until June 17, 2003. We need not even add in the additional ninety days, because the United States filed this action on April 22, 2003, which was well within the ten-year statue of limitations for a collection action for the years 1984, 1986-1988, and 1990.

IV

The Daweses argue that the attorney representing the United States and unnamed others committed felony fraud and extortion, prohibited by 26 U.S.C. § 7214(a), by asking for sums greater than that set forth on assessment Form 23C, which does not exist. In the district court, the United States produced a Certificate of Assessments and Payments. This document creates a presumption, which was never rebutted by the Daweses, that a Summary Record of Assessment was executed and certified and provided to the Daweses. *See March v. IRS*, 335 F.3d 1186, 1189 (10th Cir. 2003). The United States, therefore, was not required to produce a Form 23C. *See id.*; *see also Long v. United States*, 972 F.2d

1174, 1181 (10th Cir. 1992) (holding that taxpayer has no right to receive particular form as long as form on which notice of assessment and demand for payment is made provides taxpayer with information required under 26 U.S.C. § 6303(a)).  Thus, the allegations of felony fraud and extortion are frivolous.

V

The Daweses argue that the district court erred in granting summary judgment in favor of the United States, because (1) the district court lacked jurisdiction and (2) the motion for summary judgment was supported solely by counsel's arguments and not by affidavits. We have previously rejected the first argument. The second is defeated by the record, which shows that the United States did provide two affidavits and 109 exhibits in support of its motion.

VI

Mr. and Mrs. Dawes argue that neither the judgment nor the amended judgment comply with the separate document requirements of Fed. R. Civ. P. 58. The original judgment did contain errors; thus, it was later amended. The amended judgment, however, did satisfy the requirements of Rule 58, and resulted in a final judgment.

In conclusion, we reject all arguments made by the Daweses, including any not specifically addressed. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge