### UNITED STATES of America, Plaintiff,

v.

### Jean R. DEMESMIN and Tonya Chambers, Defendants.

### Case No. 6:14–cv–1537–Orl–22TBS.

United States District Court, M.D. Florida, Orlando Division.

Signed Jan. 14, 2015.

Filed Jan. 15, 2015.

---

Daniel A. Applegate, Jessica S. Reimelt, Jose A. Olivera, Sean Green, Steven C. Woodliff, Alison Austen Yewdell, U.S. Department of Justice, Washington, DC, for Plaintiff.

Tyler Jon Chasez, McIntyre Roy, PA, Lake Mary, FL, William Glenn Roy, III, McIntyre Roy, PA, Altamonte Springs, FL, A. Brian Phillips, A. Brian Phillips, PA, Harrison T. Slaughter, Jr., Harrison T. Slaughter, PA, Orlando, FL, for Defendants.

## ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court on the Motions of Defendants Jean R. Demesmin ("Demesmin") (Doc. No. 25) and Tonya Chambers ("Chambers") (collectively, "Defendants") (Doc. No. 26) to Dismiss the Government's Complaint (Doc. No. 1). The Government filed a single Response in Opposition to both Motions (Doc. No. 28). The Court will consider the Motions simultaneously because they assert almost the exact same legal arguments. For the following reasons, the Motions will be denied.

## I. BACKGROUND

This is one of several civil actions filed by the Government against a group of retail tax return preparers for allegedly violating certain sections of the Internal Revenue Code. The Complaint is voluminous, but the key allegation is that the defendants prepared thousands of tax returns that were fraudulent in various ways. (*See* Compl. ¶ 54.) Although most of the factual allegations in the Complaint pertain to the 2012 tax year, the Government claims that Defendants' wrongful conduct continued into 2014. (Compl. ¶¶ 176–77.) The Complaint pleads only three counts against Defendants and various entities they control. Count I seeks an injunction under 26 U.S.C. § 7407 to permanently bar Defendants from acting as federal tax return preparers—a remedy that statute permits if the court finds that a tax return preparer "continually or repeatedly" engaged in specified fraudulent conduct and "that an injunction prohibiting such conduct would not be sufficient." Count II seeks an injunction under § 7408 to prevent Defendants "from further engaging in" conduct specified in the statute, including aiding or procuring the preparation of tax returns that are known to understate the tax liability of the filer. 26 U.S.C. § 7408. In Count III, the Government requests an injunction and disgorgement of all of Defendants' ill-gotten proceeds under 26 U.S.C. § 7402(a), which allows district courts to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."

In the instant Motions, Defendants contest the Court's jurisdiction to hear this action based on the Government's alleged lack of authority to bring it, as well as the sufficiency of the factual allegations in the Complaint and its compliance with Rule 8 of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARDS & ANALYSIS

### A. Subject Matter Jurisdiction

A motion to dismiss a complaint for lack of subject matter jurisdiction may be a facial attack or a factual attack. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[1] When a defendant challenges a plaintiff's complaint facially, the Court must consider the allegations in the plaintiff's complaint to be true. *Id.* (citations omitted). A factual attack does not afford the same protection; instead, the Court proceeds as it never could under Federal Rule of Civil Procedure 12(b)(6) or 56 because it "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 412–13 (citation omitted). Therefore, with a factual attack, no presumptive truthfulness attaches to the complaint and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* at 413 (citation omitted). In this scenario, the plaintiff has the burden of proving that jurisdiction exists. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 732 n. 9 (11th Cir.1982).

Notwithstanding the foregoing, there are limitations on a Court's power with respect to a factual attack. In *Bell v. Hood*, the Supreme Court established a "strict standard" for dismissal based on a lack of subject matter jurisdiction "when the basis of jurisdiction is also an element in the plaintiff's federal cause of action." *Williamson*, 645 F.2d at 415 (discussing *Bell*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)); *Eaton*, 692 F.2d at 733 ("Where the jurisdictional issues are intertwined with the substantive merits, 'the

jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.'" (citations omitted)); *see also id.* (noting that "the argument against premature dismissal on 12(b)(1) grounds is particularly strong when the basis of jurisdiction is also an element of plaintiffs' cause of action on the merits").

Actions to obtain injunctive relief under 26 U.S.C. §§ 7407 and 7408 must be "commenced at the request of the Secretary." The Internal Revenue Code defines "Secretary" as "the Secretary of the Treasury or his delegate." 26 U.S.C. § 7701(a)(11). "Delegate" in this context means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context." *Id.* § 7701(a)(12)(A)(i).

In this case, the Complaint states that "[t]his action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to [26 U.S.C.] §§ 7402, 7407, and 7408." (Compl. ¶ 2.) Defendants claim that the Court lacks subject matter jurisdiction over this action because the Complaint fails to allege facts demonstrating that the Chief Counsel of the Internal Revenue Service is a delegate of the Secretary of the Treasury. Although Defendants do not say so explicitly, this is a facial attack on subject matter jurisdiction: they claim that the Chief Counsel's authorization is legally insufficient to confer jurisdiction, not that the authorization is actually missing. In any event, Defendants

---

**1.** *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit prior to the close of business on September 20, 1981).

are wrong. The Internal Revenue Code plainly delegates to the Chief Counsel of the Internal Revenue Service the duty "to determine which civil actions should be litigated under the laws relating to the Internal Revenue Service and prepare recommendations for the Department of Justice regarding the commencement of such actions." 26 U.S.C. § 7803(b)(2)(E); *see also United States v. Dawes*, 161 Fed. Appx. 742, 746 (10th Cir.2005) (rejecting the argument that "the Chief Counsel of the IRS is not a delegate of the Secretary of the Treasury" as "legally frivolous"). Defendants' jurisdictional argument is not well taken.

## B. Failure to State a Claim

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir.2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed.R.Civ.P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the

complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

Defendants argue that the Government's claim for injunctive relief must be dismissed because the Complaint does not adequately plead a likelihood of irreparable injury. Sections 7407 and 7408 of the Internal Revenue Code permit, but do not require, district courts to enjoin tax return preparers if they have engaged in certain prohibited conduct. Section 7407 allows for punishment of a tax return preparer who understates a taxpayer's liability due to an unreasonable position, recklessly or intentionally disregards IRS rules, claims the Earned Income Tax Credit without due diligence, guarantees payment of a tax refund, or commits one of a handful of additional violations. Among other things, § 7408 prohibits "any person" from aiding or procuring the preparation of tax returns that are known to understate the tax liability of the filer. The Eleventh Circuit has described § 7402 as encompassing "a broad range of powers necessary to compel compliance with the tax laws," including the power "to enjoin interference with tax enforcement even when such interference does not violate any particular tax statute." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir.1984).

Courts must consider the traditional equitable factors governing injunctive relief in the context of an injunction under § 7402, *id.* at 1301 ("[T]he decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy."), and may consider the factors before enjoining conduct pursuant to §§ 7407 and 7408, *United States v. Cruz*, 611 F.3d 880, 887 (11th Cir.2010). Under no circumstances are district courts in this Circuit required to issue an injunction merely because the statutory requirements of §§ 7407 or 7408 have been met. *Cruz,*

611 F.3d at 887. The familiar equitable factor test requires a plaintiff seeking an injunction to show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006).

█ Here, both Defendants argue that the Government has failed to plead sufficient facts to establish a likelihood of irreparable injury. Chambers asserts in her unsworn Motion that her companies have ceased any illegal conduct and taken steps to improve employee training and compliance controls. Demesmin's Motion includes an unsworn claim that he "has not been an active manager or operator of a tax preparation business for well over a year ... [and] was a silent investor in the tax preparation businesses" at issue in this case. (Demesmin Mot. Dismiss (Doc. No. 25) 17.) These unsworn statements are of no evidentiary value. Even if they were, they would still conflict with the well-pleaded allegations in the Complaint that allow the Court to infer that misconduct may be ongoing.[2] (*See, e.g.*, Compl. ¶¶ 177 ("[T]he only apparent change in 2014 is that several LBS stores (including Chambers') began doing business under different names .... [i]n actuality, nothing has changed.").) The cases Defendants cite in which courts have declined to impose specific injunctions after summary judgment

or bench trials do not support their claims for dismissal on the pleadings.

█ To the extent Defendants suggests that disgorgement is not an available remedy under 26 U.S.C. § 7402, they are wrong. *See F.T.C. v. Ross*, 743 F.3d 886, 890–91 (4th Cir.2014) ("Congress' invocation of the federal district court's equitable jurisdiction brings with it the full 'power to decide all relevant matters in dispute and to award complete relief ....'" (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 399, 66 S.Ct. 1086, 1090, 90 L.Ed. 1332 (1946))); *SEC v. Monterosso*, 756 F.3d 1326, 1337 (11th Cir.2014) (per curiam) ("Disgorgement is an equitable remedy intended to prevent unjust enrichment."); *United States v. Kahn*, No. Civ. 5:03CV436Oc10GRJ, 2004 WL 2251798 (M.D.Fla. Aug. 12, 2004) (Hodges, J.) (ordering defendants to disgorge fees and payments received from "abusive tax schemes" pursuant to 26 U.S.C. § 7402(a) and the court's "inherent equitable powers").

## C. Rule 8

█ Finally, Defendants move to dismiss the Complaint for failure to comply with Rule 8 due to its length and granular detail. The Government may be guilty of using a blowtorch when a match would have sufficed, but the Complaint is cogent, and almost all of the factual allegations are relevant to the claims. On that basis, it is easily distinguishable from the pleadings that were rejected as overly complex or confusing in the cases Defendants cite in their Motion. The Court will not dismiss the Complaint on this ground.

---

**2.** The Government has not yet sought a preliminary injunction, but in an abundance of caution, the Court notes that the analysis contained in this Order may not apply in that context.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Jean R. Demesmin's Motion to Dismiss (Doc. No. 25), filed October 31, 2014, is **DENIED.**

2. Defendant Tonya Chambers' Motion to Dismiss (Doc. No. 26), filed October 31, 2014, is **DENIED.**

**DONE** and **ORDERED.**