ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
BETH BLOOM, UNITED STATES DISTRICT JUDGE
THIS CAUSE is before the Court upon Plaintiff United States of America's ("Plaintiff") Motion to Strike Defendant's Jury Demand, ECF No. [33], and Plaintiff's Motion to Strike Defendant's Affirmative Defenses, ECF No. [34], (collectively, the "Motions"). On October 10, 2018, the Motions were referred to the Honorable Alicia O. Valle, United States Magistrate Judge, for Report and Recommendation, ECF No. [38]. On March 21, 2019, Judge Valle issued a Report and Recommendation (the "Report"), recommending that the Motions be granted. See Report, ECF No. [88]. The Report advised the parties that objections to the Report must be filed within fourteen days. Id. at 11. Thus, any objections were required on or before April 4, 2019. On April 3, 2019, Defendant Michael L. Meyer ("Defendant") filed an unopposed motion for extension of time to file objections by April 18, 2019. ECF No. [91]. The Court granted the Defendant' motion that same day. ECF No. [92].
To date, neither party has filed any objections, nor have they sought any further extension of time to do so. The Court has, nonetheless, conducted a de novo review of Judge Valle's Report, the record, and is otherwise fully advised. See Williams v. McNeil , 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1) ).
Upon review, the Court finds Judge Valle's Report and Recommendation to be well reasoned and correct. The Court agrees with the analysis in Judge Valle's Report and Recommendation, and it is accordingly ORDERED AND ADJUDGED as follows:
1. The Report and Recommendation, ECF No. [88] , is ADOPTED ;
2. The Motion to Strike Defendant's Jury Demand, ECF No. [33] , is GRANTED .
3. Defendant's Jury Demand asserted in his Answer, ECF No. [32] , is STRICKEN .
4. The Motion to Strike Affirmative Defenses, ECF No. [34] , is GRANTED .
5. The Affirmative Defenses asserted by Defendant in his Answer, ECF No. [32] , are STRICKEN .
DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of April, 2019.
REPORT AND RECOMMENDATION TO DISTRICT JUDGE
ALICIA O. VALLE, UNITED STATES MAGISTRATE JUDGE
THIS CAUSE is before the Court upon the United States' Motion to Strike Defendant's Jury Demand (ECF No. 33) and the United States' Motion to Strike Affirmative Defenses (ECF No. 34) (together, the *1293 "Motions"). U.S. District Judge Beth Bloom has referred the Motions to the undersigned for appropriate disposition. See (ECF No. 38). Accordingly, having reviewed the Motions, Defendant's Omnibus Response in Opposition to the Motions (ECF No. 36), and the United States' Reply (ECF No. 39), and being otherwise duly advised in the matter, the undersigned recommends that the Motions be GRANTED for the reasons stated below.
I. BACKGROUND
On August 17, 2018, the United States filed a First Amended Complaint for Permanent Injunction and other Relief against Defendant Michael Meyer. See (ECF No. 29) (the "First Amended Complaint"). The First Amended Complaint generally alleges that, from 1999 to the present, Defendant has "promoted an abusive tax scheme that results in scheme participants claiming unwarranted federal income tax deductions for bogus charitable contributions." Id. ¶ 10. According to the First Amended Complaint, Defendant's actions have caused "at least $ 35 million in harm to the United States." (ECF No. 29 ¶¶ 4, 259, 275). The United States seeks to enjoin Defendant from taking certain action and to affirmatively take other action, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408. See generally (ECF No. 29 ¶¶ 5-6, 197-282). The United States also seeks disgorgement of Defendant's "ill-gotten gains" derived from the alleged charitable giving tax scheme described in the First Amended Complaint. Id.
On September 1, 2018, Defendant filed his Answer to Complaint, Affirmative Defenses, and Jury Trial Demand. See generally (ECF No. 32). Defendant asserted four affirmative defenses, including laches, estoppel, release, and statute of limitations. (ECF No. 32 at 22). Defendant also demanded "trial by jury of all claims and defenses ... so triable." Id. On September 24, 2018, the United States filed a Motion to Strike Defendant's Jury Demand and a Motion to Strike Affirmative Defenses. (ECF Nos. 33 and 34, respectively). The Motions are ripe for adjudication.
II. MOTION TO STRIKE JURY DEMAND
A. The Parties' Arguments and Legal Standard
The United States seeks to strike Defendant's demand for a jury trial, arguing that the Complaint seeks only equitable relief. See generally (ECF Nos. 33, 39 at 2-7). The parties agree that the United States' claim for an injunction is equitable in nature and is not triable before a jury. (ECF No. 33 at 2) (noting that injunctive relief is an equitable remedy, not triable by a jury); (ECF No. 36 at 4) (noting that "Defendant does not object to a bench trial of the Government's claims for a prospective injunction"). Defendant argues, however, that the United States' disgorgement claim is "in the nature of a legal penalty and should accordingly be tried by a jury." (ECF No. 36 at 4).
Injunctive relief is governed by 26 U.S.C. § 7402(a), which provides in relevant part:
The district courts of the United States ... shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction ... and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies ... provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.
26 U.S.C § 7402(a).
As the parties correctly note, injunctive relief is an equitable remedy not *1294 triable by a jury. Weinberger v. Romero-Barcelo , 456 U.S. 305, 311, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982) ; United States v. State of La. , 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216, (1950) (denying demand for jury trial where relief requested was equitable injunction and accounting); CBS Broad., Inc. v. EchoStar Commc'ns Corp. , 450 F.3d 505, 518 n.25 (11th Cir. 2006) (noting that there is no right to a jury trial when plaintiff seeks purely equitable relief such as an injunction). Therefore, the only question before the undersigned is whether the disgorgement claim requires a trial by jury. In this context, Defendant argues that the Government's claim for disgorgement is akin to a penalty under 28 U.S.C. § 2462. For the reasons set forth below, the undersigned disagrees.
B. Disgorgement is an Equitable Remedy
According to Defendant, although § 7402 has been in existence for 65 years, Defendant has found only 11 relevant cases (from 2015-2018) in which the United States has sought disgorgement in tax cases. See (ECF No. 36 at 2 n.2). Defendant fails to mention, however, that disgorgement was found to be an equitable remedy in several of those cases. See United States v. Stinson , 729 F. App'x 891, 899 (11th Cir. 2018) ("Disgorgement is an equitable remedy intended to prevent unjust enrichment." (quoting S.E.C. v. Levin , 849 F.3d 995, 1006 (11th Cir. 2017) ) ); United States v. Barwick , No. 6:17-CV-35-ORL-18TBS, 2017 WL 5514257, at *4 (M.D. Fla. Oct. 13, 2017) ("Disgorgement in the amount of a defendant's 'ill-gotten gains' constitutes a 'fair and equitable' remedy as it reminds the defendant of its legal obligations, serves to deter future violations of the Internal Revenue Code, and promotes successful administration of the tax laws." (quoting United States v. Stinson , 239 F.Supp.3d 1299, 1326 (M.D. Fla. 2017) ) ), report and recommendation adopted , No. 6:17-CV-35-ORL-18TBS, 2017 WL 5513632 (M.D. Fla. Nov. 16, 2017) ; United States v. Demesmin , 87 F.Supp.3d 1293, 1298 (M.D. Fla. 2015) ; United States v. Scott , 88 F. Supp. 3d 1278, 1298 (M.D. Fla. 2015) ; United States v. Rapower-3, LLC , 294 F.Supp.3d 1238, 1240 (D. Utah 2018) ("[D]isgorgement is equitable and is not tried by a jury."); see also United States v. Lawrence , No. 15-CV-62233, 2016 WL 7409772, at *3 (S.D. Fla. Sept. 7, 2016) (entering a judgment that included disgorgement of gains); United States v. Antoine , No. 14-81199-CV, 2016 WL 617125, at *3 (S.D. Fla. Jan. 22, 2016) (entering stipulated judgment that included disgorgement of proceeds); United States v. Chipungu , No. 6:18-CV-982-ORL-18GJK, 2019 WL 885667, at *5-6 (M.D. Fla. Jan. 25, 2019), report and recommendation adopted , No. 6:18-CV-982-ORL-18GJK, 2019 WL 858164 (M.D. Fla. Feb. 22, 2019) (compelling disgorgement under § 7402 ); United States v. Demesmin , No. 6:17-CV-36-ORL-31KRS, 2019 WL 343722, at *13 (M.D. Fla. Jan. 10, 2019), report and recommendation adopted , No. 6:17-CV-36-ORL-31KRS, 2019 WL 338943 (M.D. Fla. Jan. 28, 2019) (ordering disgorgement under § 7402 ); United States v. Clarke , No. 616CV639ORL41DCI, 2017 WL 6947414, at *4 (M.D. Fla. Mar. 27, 2017) (finding disgorgement appropriate as a retrospective remedy); United States v. Mesadieu , No. 6:14-CV-1538-ORL-22TBS, 2015 WL 13357962, at *1 (M.D. Fla. Jan. 15, 2015) (denying motion to dismiss claims that sought, among other things, disgorgement under § 7402 ); United States v. Edmond , No. 2:13-CV-02938-STA-TMP, 2016 WL 3963218 (W.D. Tenn. July 21, 2016) (finding defendants in civil contempt for, among other things, failing to disgorge fees as ordered by the court).
*1295 In the absence of binding precedent to the contrary, these cases support the conclusion that disgorgement, in the context of § 7402, is an equitable remedy not be triable by a jury.
C. Kokesh is Inapposite
In demanding a jury trial, Defendant relies on the Supreme Court decision in Kokesh v. Securities and Exchange Commission , --- U.S. ----, 137 S.Ct. 1635, 198 L.Ed.2d 86 (2017). (ECF No. 36 at 5-6). In Kokesh , the Supreme Court held that "SEC disgorgement constitutes a penalty" subject to a five-year limitations period under 28 U.S.C § 2462.[1] 137 S.Ct. at 1641-42. Defendant argues that Kokesh "cast significant doubt on the appropriateness of disgorgement under [the] circumstances [of this case]" and asserts that the Supreme Court declined to affirm disgorgement as a "proper exercise of the court's powers incidental to an injunction." (ECF No. 36 at 5). Kokesh , however, does not address the issue before this Court. Kokesh involved disgorgement in SEC proceedings under § 2462, not § 7402, as in this case. Moreover, the Supreme Court expressly limited Kokesh to the "sole question" of "whether disgorgement, as applied in SEC enforcement actions, is subject to § 2462's limitation period ." 137 S.Ct. at 1642 n.3 (emphasis added). Thus, Kokesh does not support Defendant's request for a jury trial in this tax case.[2]
Further, the undersigned agrees with the analysis in Rapower , in which the court denied a defendant's demand for a jury trial on a claim for disgorgement and concluded that Kokesh did not apply. 294 F.Supp.3d at 1241-42. As the court concluded in Rapower ," Kokesh is a statutory analysis of terms. The Supreme Court does not state in Kokesh that its ruling determines that disgorgement is a penalty in all contexts. And, Kokesh certainly did not discuss or overrule the longstanding precedent of categorizing disgorgement as an equitable remedy." Id. As in Rapower , the United States' motion to strike the jury demand should be granted.
III. MOTION TO STRIKE AFFIRMATIVE DEFENSES
A. Legal Standard
Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f) ; Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co. , No. 17-CV-80972, 2017 WL 5159601, at *2 (S.D. Fla. Nov. 7, 2017) (Bloom, J.) (citations omitted); U.S. Commodity Futures Trading Comm'n v. Mintco LLC , No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016) (Bloom, J.) (citations omitted). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Hilson v. D'more Help, Inc. , No. 15-CIV-60155, 2015 WL 5308713, at *1 (S.D. Fla. Sept. 11, 2015) (Bloom, J.) (quoting Harty v. SRA/Palm Trails Plaza, LLC , 755 F.Supp.2d 1215, 1218 (S.D. Fla. 2010) ); see *1296 also Home Mgmt. Sols., Inc. v. Prescient, Inc. , No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same).
Although a court has broad discretion in considering a motion to strike, the ability to strike is considered to be drastic, and is often disfavored. Kapow , 2017 WL 5159601, at *1 (citations omitted); Hilson , 2015 WL 5308713, at *1 (citing Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia , 777 F.Supp.2d 1322, 1327 (S.D. Fla. 2011) ). Moreover, the District Judge presiding over this case has previously concluded that affirmative defenses are not subject to the heightened pleading standard for claims under Rule 8(a). Kapow , 2017 WL 5159601, at *2 ; Mintco , 2016 WL 3944101, at *3 ; Hilson , 2015 WL 5308713, at *2. Nonetheless, affirmative defenses will be stricken if insufficient as a matter of law. See Kapow , 2017 WL 5159601, at *1 (citations omitted); Mintco , 2016 WL 3944101, at *2 (citations omitted); see also Fed. R. Civ. P. 12(f). "An affirmative defense is insufficient as a matter of law where: (1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Kapow , 2017 WL 5159601, at *3 (quotation marks and citations omitted).
B. Defendant's Affirmative Defenses Should be Stricken
Defendant concedes that its affirmative defenses are directed solely to the United States' claim for disgorgement and do not pertain to the claim for a prospective injunction. (ECF No. 36 at 1). As to, the three specifically challenged defenses (laches, estoppel, and statute of limitations) the undersigned concludes that these should be stricken for the reasons set forth below.
i. Laches Defense
As a First Affirmative Defense, Defendant alleges that "Plaintiff has unreasonably delayed the bringing of this suit." (ECF No. 32 at 22). The United States, in turn, moves to strike the affirmative defense and argues that laches cannot be asserted against it. (ECF No. 34 at 3-4). In response, Defendant asserts that "rather than evaluate the merits of a defense de novo ," the Court should deny the Motion and find that the affirmative defenses are not foreclosed by prior controlling decision or statutes. (ECF No. 36 at 7-8).
"It is well settled that the United States is not ... subject to the defense of laches in enforcing its rights." Mintco , 2016 WL 3944101, at *7 (quoting United States v. Summerlin , 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) ). "Accordingly, where ... a government agency brings an enforcement action to protect the public interest, laches is not a defense." Id. (quoting S.E.C. v. Silverman , 328 F. App'x 601, 605 (11th Cir. 2009) ). Nevertheless, the Eleventh Circuit has recognized "rare exceptions to this rule in certain cases." Id. (citations omitted). Further, at least one circuit has recognized that laches may be a defense against the government upon a showing of "affirmative misconduct" by the government. Id.
Here, there is no evidence that this is a "rare case" that would warrant an exception to permit the laches defense to be asserted against the United States. Moreover, although not controlling, at least one circuit court has found that "laches is not a defense to the United States' enforcement of tax claims." Dial v. Comm'r Internal Revenue Serv. , 968 F.2d 898, 904 (9th Cir. 1992). Against this factual and legal backdrop, the undersigned finds that laches is not a defense that can be asserted against the United States in this tax enforcement action. Therefore, the United States' motion to strike the laches defense should be *1297 granted, and this defense should be stricken with prejudice.
ii. Estoppel Defense
As a Second Affirmative Defense of "estoppel," Defendant alleges that "[i]n various proceedings in Tax Court involving [Defendant's] charities, the IRS challenged Defendant's plan and agreed to a resolution that permitted Defendant to continue to operate." (ECF No. 32 at 22). Defendant further alleges that "[he] has continued to so operate in reliance upon this resolution." Id. The United States moves to strike the defense as insufficient as a matter of law. (ECF No. 34 at 5).
The doctrine of estoppel "precludes a litigant from asserting a claim or defense that might otherwise be available to him against another party who has detrimentally altered his position in reliance on the former's misrepresentation or failure to disclose some material fact." U.S. for Use & Benefit of Krupp Steel Prod., Inc. v. Aetna Ins. Co. , 923 F.2d 1521, 1526 (11th Cir. 1991) (quoting FDIC v. Harrison , 735 F.2d 408, 410 (11th Cir.1984) ). "Estoppel requires the presence of three elements: "(1) words, acts, conduct or acquiescence causing another to believe in the existence of a certain state of things; (2) willfulness or negligence with regard to the acts, conduct or acquiescence; and (3) detrimental reliance by the other party upon the state of things so indicated." Id. (quoting Harrison , 735 F.2d at 413 ). Notably, as with the laches affirmative defense, estoppel against the United States is "warranted only if affirmative and egregious misconduct by government agents exists." Sanz v. U.S. Sec. Ins. Co. , 328 F.3d 1314, 1320 (11th Cir. 2003) (citations omitted).
Here, Defendant's estoppel defense consists of two sentences in which Defendant alleges that, after various Tax Court proceedings involving Defendant's charities, the IRS and Defendant "agreed to a resolution that permitted Defendant to continue to operate." (ECF No. 32 at 22). Defendant does not allege any willfulness, negligence, or specific conduct-much less any affirmative and egregious misconduct-by a government entity. Thus, Defendant's self-described "prophylactic defense," asserted in the hope that discovery will later bear out sufficient supporting facts, fails as a matter of law. See (ECF No. 36 at 11). Consequently, the United States' motion to strike the estoppel defense should be granted, and this defense should be stricken without prejudice.[3]
iii. Statute of Limitations Defense
As a Fourth Affirmative Defense, Defendant pleads the statute of limitations. (ECF No. 32 at 22). Defendant specifically alleges that:
Plaintiff has framed its complaint as one for injunction and disgorgement. In so doing, Plaintiff improperly seeks to circumvent statutes of limitation that bar penalties for the described conduct. Further, to the extent that the Court determines that disgorgement is a remedy authorized by congress, it is subject to the five-year statute of limitations present at 28 U.S.C. § 2462.
Id.
The United States moves to strike the statute of limitations defense as insufficient as a matter of law, arguing that disgorgement is an equitable remedy and not subject to a limitations period. (ECF Nos. 34 at 6-7 and 39 at 7-8). In response, Defendant again argues that Kokesh *1298 should apply to the disgorgement claim, which would result in the application of a five-year statute of limitation. (ECF No. 36 at 8-10).
As noted above, the undersigned concludes that disgorgement in the § 7402 context is an equitable remedy. Supra Section II.b. Moreover, the undersigned has already found Kokesh factually inapplicable on whether a jury trial is warranted. Id. Additionally, "[t]here is no relevant statute of limitations associated with the portions of the Internal Revenue Code [ (§§ 7402, 7407, and 7808 ) ] under which the Government seeks a permanent injunction against the defendant." United States v. Moss , No. 2:16-CV-606-SRW, 2017 WL 4682051, at *6 (M.D. Ala. Sept. 6, 2017), report and recommendation adopted , No. 2:16-CV-606-WKW, 2017 WL 4682034 (M.D. Ala. Oct. 17, 2017). Ultimately, "an action on behalf of the United States in its governmental capacity ... is subject to no time limitation, in the absence of congressional enactment clearly imposing it ...." United States v. Banks , 115 F.3d 916, 919 (11th Cir. 1997) (citations and quotations omitted).
Based on these principles, the undersigned finds that Defendant's statute of limitations defense against the United States fails as a matter of law. Consequently, the United States' motion to strike the statute of limitations defense should be granted, and this defense should be stricken with prejudice.
IV. RECOMMENDATION
Accordingly, for reasons set forth above, the undersigned respectfully recommends that the:
1. Motion to Strike Defendant's Jury Demand (ECF No. 33) be GRANTED ; and
2. Motion to Strike Affirmative Defenses (ECF No. 34) be GRANTED .
Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1) ; S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2018); see Thomas v. Arn , 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).
DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, on March 21, 2019.

Section 2462 provides a five-year period for an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture. 28 U.S.C. § 2462.

Because Kokesh is inapposite based on its facts and express limitations, the undersigned need not address the parties' arguments comparing disgorgement as a penalty under § 2462 (involving SEC enforcement proceedings) with disgorgement under § 7402 (regarding enforcement of tax laws).

Defendant requests that if the Court strikes the estoppel defense, it do so without prejudice to replead upon further discovery. (ECF No. 36 at 12). Because discovery is ongoing, the undersigned agrees. See (ECF No. 86).